IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PENN-AMERICA INSURANCE COMPANY,**

       **Plaintiff,**

v.

       Case No. 3:09cv153/MCR/EMT

**LINARD EDWARDS, et al;**

       **Defendants.**
_____/

**LINARD EDWARDS,**

       **Counter-Plaintiff/Third-Party Plaintiff,**

v.

**PENN-AMERICA INSURANCE COMPANY, and**
**INSURANCE ASSOCIATES OF DESTIN, INC.**

       **Counter-Defendant and Third-Party Defendant.**
_____/

**O R D E R**

Before the court is third-party defendant Insurance Associates of Destin, Inc.'s ("Insurance Associates") motion to dismiss the third-party complaint, in which third-party plaintiff Linard Edwards ("Edwards") alleges negligence and breach of fiduciary duty arising out of Insurance Associates' procurement of insurance for Edwards from Penn-America Insurance Company ("Penn-America").  In its motion, Insurance Associates argues Edwards fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).  For the following reasons, the court agrees and GRANTS the motion to dismiss.

**Background**

This action began when Penn-America, which had issued a commercial policy to Edwards for his paving company in DeFuniak Springs, Florida, sought a declaration from the court that Penn-America had no duty to defend or indemnify Edwards in a wrongful-death case brought as a result of the tragic drowning of a child in a clay pit owned by Edwards in April 2008. When the child's estate brought the claim against Edwards, Penn-America denied indemnification because in December 2007, at the time of the insurance-policy renewal, Edwards allegedly misrepresented how many properties he owned, rented, or occupied by omitting from his application the address of the property where the clay pit was located. In April 2009, Edwards filed a counterclaim against Penn-America for breach of the insurance contract and reformation of the policy. Edwards also filed a third-party complaint against Insurance Associates, claiming that Penn-America's denial of coverage was based on Insurance Associates' alleged negligence and misrepresentation in filling out the application and procuring the policy.[1] As a result of Insurance Associates' actions, Edwards claims he incurred damages, including those that may be imposed in the wrongful-death case, as well as the cost of defending that action, and attorney's fees and costs in connection with Penn-America's declaratory judgment action and Edwards' counterclaim. Insurance Associates now moves for dismissal of the third-party complaint, alleging that the claims are not ripe for consideration because they have not yet accrued as a matter of law. In the alternative, Insurance Associates moves to dismiss the claims for attorney's fees as without statutory or contractual basis.

**Standard of Review**

A federal court sitting in diversity generally applies federal procedural law and the substantive law of the state in which it sits. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002) (applying *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Accordingly, in its review of Edwards' third-party complaint, the court

---

[1] Specifically, Edwards alleges that he told Insurance Associates about the existence and use of the clay pit. Whether Insurance Associates allegedly omitted that information from the application or somehow misstated it is unclear from the third-party complaint.

Case No. 3:09cv153/MCR/EMT

applies federal procedural law and Florida substantive law.

<u>Motion to Dismiss</u>

In deciding a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court should construe the pleadings broadly, accept the material allegations of the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds, Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982); *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim" that shows the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). To satisfy the pleading requirements of Rule 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*per curiam*). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). "[A] formulaic recitation of the elements of a cause of action will not do," however. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The allegations are sufficient if they "raise a right to relief above the speculative level." *Id.* In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1964-65. Thus, a complaint must present "enough factual matter (taken as true) to suggest" the required element." *Id.* at 1965. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. There is no "probability requirement at the pleading stage"; rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* at 1965. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*

**Discussion**

<u>Accrual of the Claim</u>

Insurance Associates contends that, under Florida law, an insured's cause of action against an insurance agent for failure to procure proper insurance does not accrue "unless and until the insured fails or is unable to collect from the insurer." *See Landmark Am. Ins. Co. v. Moulton Props., Inc. v. Fisher-Brown, Inc.*, 2006 WL 2038554, at *1 (N.D. Fla. 2006). This occurs when the insured is unable to recover damages "at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the [insured's] right to sue in the related or underlying proceeding expires." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001). This rule is designed to prevent inconsistent positions by an insured, such as when the insured claims, on the one hand, that coverage exists, and, on the other, that coverage does not exist. *Id.* at 1066. *See also Brocato v. Health Options, Inc.*, 811 So. 2d 827, 829 (Fla. 2d DCA 2002) (holding that inconsistent assertions as to the status of an insurance-plan participant by the insured's guardian cannot survive a motion to dismiss for failure to state a cause of action).

As in *Landmark*, the third-party defendant here, Insurance Associates, argues that Edwards does not yet have a legally cognizable claim for damages because the court has not yet resolved Penn-America's motion for declaratory judgment and Edwards' counterclaims for breach of contract and reformation of the policy. *See Landmark*, 2006 WL 2038554, at *1.[2] In other words, because Edwards may prevail on his claim against Penn-America, his claim against Insurance Associates may never accrue. Indeed, Edwards' own third-party complaint highlights the conditional, premature nature of his claim

---

[2] It is worth noting that *Landmark* is factually on-point with this case. *Landmark*, 2006 WL 2038554, at *1. In that case, an insurance company moved for declaratory relief seeking rescission of an insurance contract with a property owner. *Id.* At the time of contracting, the insured allegedly misrepresented that damage caused to the properties by Hurricane Ivan in 2004 had been repaired. *Id.* When Hurricane Dennis damaged the properties in 2005, the insurer denied coverage based on the alleged misrepresentations. *Id.* The insured filed a counterclaim against the insurance company, alleging breach of contract, and also filed a third-party complaint against the insurance agent, alleging negligence and misrepresentation in its procurement of the policy. *Id.* The insurance agent then moved to dismiss the third-party complaint based on the insured's inconsistent positions, which the court granted *Id.* at *3.

Case No. 3:09cv153/MCR/EMT

for damages against Insurance Associates, stating, "*[t]o the extent that it is determined that the subject renewal policy does not provide coverage for the Underlying Incident*, . . . such incorrect statement, lack of information or misrepresentation is the result of the third party defendant's . . . negligent preparation of the application or negligent failure to provide correct information . . . ." (Third-party compl. 12 ¶ 31) (emphasis added).

Edwards' attempt to distinguish *Blumberg*, mainly on the ground that the claim there involved a failure to obtain coverage altogether as opposed to the negligent procurement of adequate coverage, which is at issue here, is not persuasive. Edwards' third-party complaint contemplates the exact scenario the *Blumberg* court sought to avoid, namely inconsistent claims by Edwards in which he asserts on the one hand that Insurance Associates negligently procured a policy which did not provide him with the requisite coverage, and on the other, a claim against Penn-America that the requisite coverage under the policy exists. *Blumberg* must be followed in this case, and doing so, the court finds that Edwards' claim against Insurance Associates has not yet accrued as a matter of law. Accordingly, the third-party complaint is insufficient to establish even a plausible claim for relief.[3] *See Twombly*, 127 S.Ct. at 1965.

Abatement or Dismissal

Although Edwards did not raise the issue of abatement versus dismissal in his response to Insurance Associates' motion to dismiss the third-party complaint, the court nonetheless addresses it and finds dismissal, rather than abatement, appropriate. The decision of whether to abate or dismiss an action will depend on the circumstances of a particular case and how the passage of time may affect the premature claim. *See Shuck v. Bank of America*, 862 So. 2d 20, 24 (Fla. 2d DCA 2003). As the court in *Shuck* explained,

> In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the

---

[3] Having reached this conclusion, the court need not discuss Insurance Associates' alternative motion for the dismissal of attorneys fees.

Case No. 3:09cv153/MCR/EMT

> action until the cause matures . . . However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action . . . [and] abatement is not an appropriate disposition, and a dismissal is required.

*Id.* at 24–25 (internal citations omitted). In this case, the mere passage of time is not sufficient to cure the premature aspect of Edwards' claims, as the possibility exists that he may prevail in Penn-America's declaratory judgment action. That is, Edwards' third-party complaint against Insurance Associates is contingent upon the determination that Penn-America's coverage does not extend to the property on which the clay pit is located. Therefore, because Edwards' claim depends on the occurrence of something that may or may not happen, the proper disposition is dismissal without prejudice. *See Allstate Ins. Co.v. Richard Zehr Constr., Inc.*, 2006 WL 2850438, at *2 (M.D. Fla. 2006) (finding, on essentially identical facts, that the passage of time would not correct the premature element of defendant's claim, thus warranting dismissal, rather than abatement); *see also Landmark*, 2006 WL 2038554, at *3 (same); *Pollywog Transp., Inc. v. Abest Agencies*, Inc., 2004 WL 2673225, at *1 (M.D. Fla. 2004) (same).

Accordingly, it is ORDERED that Insurance Associates' motion to dismiss the third-party complaint (doc. 15) is hereby GRANTED and the third-party complaint (doc. 4) is DISMISSED without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**DONE and ORDERED** this 1st day of July, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:09cv153/MCR/EMT